UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WATTERSON, Derivatively On Behalf of RIVERSTONE NETWORKS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ROMULUS PEREIRA, et al., <br><br> Defendants, <br><br> – and – <br><br> RIVERSTONE NETWORKS, INC., a Delaware corporation, <br><br> Nominal Defendant. | No. C-03-0637-PJH <br><br> [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE <br><br><br><br><br><br><br><br> DATE: June 1, 2005 <br> TIME: 9:00 a.m. <br> COURTROOM: The Honorable Phyllis J. Hamilton |

This matter came before the Court for hearing pursuant to the Order of this Court, dated February 16, 2005 ("Order"), on the application of the parties for approval of the settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated as of November 12, 2004 (the "Stipulation"). Due and adequate notice having been given to the Current Riverstone Shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matters of the Derivative Actions, including all matters necessary to effectuate the Settlement, and over all parties to the Derivative Actions including the Derivative Plaintiffs, the Current Riverstone Shareholders and the Defendants.

3. The Federal Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As between Derivative Plaintiffs and Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. The Court finds that the Stipulation and Settlement are fair, just, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. Upon the Effective Date, the Derivative Plaintiffs, Riverstone (as a nominal defendant in the Derivative Actions), and each of the Current Riverstone Shareholders, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including all Unknown Claims), and any and all claims relating to or arising out of or connected with the Settlement or resolution of the Derivative Actions, against all of the Released Persons.

1    6.   Upon the Effective Date, and except as provided in ¶13 below, the Derivative Plaintiffs, Riverstone (as a nominal defendant in the Derivative Actions), and each of the Current Riverstone Shareholders, and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, are forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims (including all Unknown Claims), or any action or other proceeding, against any of the Released Persons, based on, arising out of, related to, or in connection with, the Released Claims (including all Unknown Claims).

7.   This Judgment and the dismissal of the Derivative Actions shall bar the prosecution, derivatively on behalf of Riverstone, of any duplicative or similar claims as those set forth in, or that could or might have been set forth in, the Derivative Actions or of any of the Released Claims.

8.   Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each other, the Derivative Plaintiffs, each and all of the Current Riverstone Shareholders, Riverstone (as a nominal defendant in the Derivative Actions), and Derivative Plaintiffs' Counsel, from all claims (including all Unknown Claims) relating to or arising out of, or connected with the institution, prosecution, assertion, settlement or resolution of the Derivative Actions and/or the Released Claims. Specifically excluded from the releases in this paragraph is any right of Riverstone's current and former officers and directors to receive (or obligation to repay) indemnification or advancement of legal expenses arising from law and/or statute, Riverstone's articles of incorporation and by-laws, any existing agreements, or any resolution (or otherwise) of the Board of Directors of Riverstone; provided, however, that Riverstone shall not seek from its former officers and directors repayment of payments made or defense expenses incurred by them or on their behalf in the Derivative Actions.

9.   The Court finds that the Notice of Pendency and Settlement of Derivative Action ("Derivative Notice") and the Summary Notice for Publication of Settlement of Derivative Action ("Summary Notice") (collectively, the "Notice"), given to Current Riverstone Shareholders was the

best notice practicable under the circumstances, including the individual Derivative Notice to all Current Riverstone Shareholders who could be identified through reasonable effort. Said Notice also provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1, due process, the United States Constitution, and all other applicable law.

10. Neither the Stipulation nor any document referred to therein nor any action taken to carry out of the Stipulation is, may be construed as or may be used as an admission by or against the Defendants, or any of them, of any fault, wrongdoing or liability whatsoever. Entering into or carrying out the Stipulation (or the Exhibits thereto), and any negotiations or proceedings related thereto, shall not in any event be construed as, or be deemed to be evidence of, an admission or concession with regard to Derivative Plaintiffs' claims or contrary to the Defendants' denials and defenses, and shall not be offered by any of the Settling Parties as evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Stipulation (and the Exhibits thereto) or the provisions of any related agreement or release; except that the Stipulation and the Exhibits thereto may be filed in the Derivative Actions or related litigation, as evidence of the Settlement, or in any subsequent action against or by the Defendants or the Released Parties to support a defense of res judicata, collateral estoppel, release or other theory of claim or issue preclusion or similar defense.

11. The Court finds that the Federal Action was filed in good faith and that no part hereto violated the provisions of Federal Rule of Civil Procedure 11 during the course of the Derivative Actions.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the terms of the Settlement and this Judgment, and (b) the Settling Parties for the purposes of implementing and enforcing the Stipulation and Judgment.

13. If the Effective Date fails to occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - C-03-0637-PJH

- 3 -

1  event, all orders entered and releases delivered in connection herewith shall be null and void to the
2  extent provided by and in accordance with the Stipulation.
3      IT IS SO ORDERED.

4
5  DATED: _July 22, 2005_                             _____
6                                                     THE HONORABLE PHYLLIS J. HAMILTON
                                                     UNITED STATES DISTRICT JUDGE
7
  Submitted by:
8
  MURRAY FRANK & SAILER LLP
9  ERIC J. BELFI
  275 Madison Avenue, Suite 801
10 New York, NY 10016
  Telephone: 212/682-1818
11 212/682-1892 (fax)

12 EMERSON POYNTER LLP
  JOHN G. EMERSON
13 SCOTT E. POYNTER
  2228 Cottondale Lane, Suite 100
14 Little Rock, AR 72202
  Telephone: 501/907-2555
15 501/907-2556 (fax)

16 ROBBINS UMEDA & FINK, LLP
  BRIAN J. ROBBINS
17 MARC M. UMEDA
  610 West Ash Street, Suite 1800
18 San Diego, CA 92101
  Telephone: 619/525-3990
19 619/525-3991 (fax)

20 LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
21 KEITH F. PARK
  MICHAEL J. DOWD
22 JEFFREY D. LIGHT

23

24 _____
       JEFFREY D. LIGHT
25
  401 B Street, Suite 1600
26 San Diego, CA 92101
  Telephone: 619/231-1058
27 619/231-7423 (fax)

28

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - C-03-0637-PJH                                                    - 4 -

THE DREHER LAW FIRM
ROBERT SCOTT DREHER
835 Fifth Avenue, Suite 202
San Diego, CA 92101
Telephone: 619/230-8828
619/687-0136 (fax)

Attorneys for Plaintiffs

S:\Settlement\Riverstone.set\JGT00021557.doc

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - C-03-0637-PJH